**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DAVID A. FAIR, ) | |
| ) | |
| Appellant, ) | |
| ) | Civil Action No. 8:25-cv-00577-LKG |
| v. ) | |
| ) | Dated: February 17, 2026 |
| WILMINGTON SAVINGS FUND ) | |
| SOCIETY, FSB, AS OWNER TRUSTEE ) | |
| OF THE RESIDENTIAL CREDIT ) | |
| OPPORTUNITIES TRUST VIII-C, ) | |
| ) | |
| Appellee. ) | |
| ) | |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this bankruptcy appeal, the Appellant, David A. Fair, seeks to vacate an order issued by the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") on February 12, 2025, lifting the automatic stay as to the Appellee, Wilmington Savings Fund Society, FSB ("Wilmington Savings"), with regards to certain real property located in Damascus, Maryland. *See generally* ECF No. 1. The appeal is fully briefed. ECF Nos. 5 and 8. No hearing is necessary to resolve the matter. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **AFFIRMS** the Bankruptcy Court's order granting Wilmington Savings' motion for relief from stay (ECF No. 3-6) and (2) **DISMISSES** this appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this bankruptcy appeal, Mr. Fair seeks to vacate the Bankruptcy Court's February 12, 2025, order lifting the automatic stay as to Wilmington Savings with regards to a certain real property located at 25604 Coltrane Drive Damascus, Maryland 20857 (the "Property"). *See generally* ECF No. 1; ECF No. 5 at 4. Mr. Fair is the debtor in the bankruptcy proceedings

---

[1] The facts recited in this memorandum opinion are taken from the Appellant's brief, the Appellee's brief, the notice of appeal and supplemental transmission thereto, and the designation of record on appeal from the United States Bankruptcy Court for the District of Maryland. ECF Nos. 1, 2, 3, 5 and 8.

below, and he owned the Property prior to a foreclosure sale. ECF No. 5 at 1 and 5. Wilmington Savings holds a mortgage on the Property. ECF No. 8 at 2.

The Foreclosure Sale

As background, David A. Fair and Noreen Fair were the fee simple owners of the Property. ECF No. 8 at 7. The Property was encumbered by a loan, which is evidenced by a recorded deed of trust and a promissory note dated July 28, 2004. *Id.*

On July 2, 2021, Mr. Fair and Noreen Fair defaulted on the loan secured by the Property. *Id.* Thereafter, a foreclosure action was instituted on the Property in the Circuit Court for Montgomery County, Maryland on June 13, 2024. *Id.*

No pre-sale motions challenging the lien or the right to foreclose were taken by Mr. Fair or Noreen Fair, and no foreclosure mediation was sought or filed by the parties. *Id.* And so, the Property was sold in a foreclosure sale to a third-party purchaser on November 4, 2024. *Id.* at 8.

The Bankruptcy Proceedings

On November 6, 2024, Mr. Fair filed a Chapter 13 bankruptcy petition in the Bankruptcy Court. *Id.* On December 3, 2024, Wilmington Savings filed a motion for relief from the stay and sought to lift the automatic stay regarding the Property. ECF No. 3-2 at 1-2. Following a hearing on the motion, the Bankruptcy Court granted Wilmington Savings' motion for relief from stay regarding the Property on February 12, 2025, thereby allowing Wilmington Savings to proceed with the ratification of the foreclosure sale of the Property. ECF No. 3-6.

Mr. Fair filed this appeal on February 19, 2025. ECF No. 1. On February 25, 2025, Mr. Fair also filed a motion to stay pending this appeal before the Bankruptcy Court. ECF No. 2-2 at 2; ECF No. 8 at 9. On February 28, 2025, the Bankruptcy Court denied Mr. Fair's motion to stay. ECF No. 2-1.

Mr. Fair's Appeal

In this appeal, Mr. Fair argues that the Bankruptcy Court erred in determining that the automatic stay should be lifted with regards to Wilmington Savings, because this Court's decision *Kameni v. Ocwen Loan Servicing, LLC*, 2014 WL 3563658 (D. Md. July 17, 2014), *aff'd sub nom. Kameni v. Ocwen Loan Servicing, LLC*, 589 F. App'x 145 (4th Cir. 2015) and 11 U.S.C. § 1322(c)(1) permit a homeowner to save a property though a Chapter 13

bankruptcy case post-foreclosure sale, if the bankruptcy case is filed prior to ratification. *See* ECF No. 5 at 6-8. And so, Mr. Fair requests that the Court vacate the Bankruptcy Court's order granting Wilmington Savings' motion for relief from stay. *Id.* at 8.

### B. Relevant Procedural Background

On February 19, 2025, Mr. Fair timely filed a notice of appeal. ECF No. 1. Mr. Fair filed his brief on April 24, 2025. ECF No. 5. Wilmington Savings filed its brief in response on May 2, 2025. ECF No. 8.

The Appellant's appeal having been fully briefed, the Court resolves the pending appeal.

## III. LEGAL STANDARDS

### A. Bankruptcy Appeals

Pursuant to 28 U.S.C. § 158(a), district courts have jurisdiction over appeals from bankruptcy courts with respect to final judgments, orders, and decrees. 28 U.S.C. § 158(a). Specifically, Section 158(a) provides, in relevant part, that:

> The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees; . . .
> (3) with leave of the court, from other interlocutory orders and decrees;
> . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title .
> . . .

28 U.S.C. § 158(a). In this regard, the United States Court of Appeals for the Fourth Circuit has held that an order is not a final order if it does not resolve the litigation, decide the merits, settle liability, establish damages or determine the rights of even one of the parties to the bankruptcy case. *In re Looney*, 823 F.2d 788, 790 (4th Cir. 1987) (citations omitted). This Court has also held that denials of motions to dismiss by the Bankruptcy Court are interlocutory orders, rather than final orders. *See, e.g.*, *In re Hebb*, 53 B.R. 1003, 1004-05 (D. Md. 1985) (finding that the denial of motion to dismiss "is clearly interlocutory in nature"); *In re Travelstead*, 250 B.R. 862, 865 (D. Md. 2000) ("orders denying a motion to dismiss are interlocutory").

In addition, the Court reviews factual findings of a bankruptcy court for clear error and conclusions of law *de novo*. *In re Taneja*, 743 F.3d 423, 429 (4th Cir. 2014). A finding is clearly erroneous only if, after reviewing the record, the reviewing court is left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.*, 845 F.2d 76, 79

3

(4th Cir. 1988) (citation omitted).

### B. The Automatic Stay

Pursuant to 11 U.S.C. § 362, an automatic stay commences upon the debtor's filing of a Chapter 13 bankruptcy petition. 11 U.S.C. § 362(a). The automatic stay is effective on the date on which the bankruptcy petition is filed. *See In re May*, 546 B.R. 639, 640 (Bankr. D. Md. 2016).

### C. Section 1322(c)(1) And Relevant Case Law

Section 1322 of the Bankruptcy Code generally addresses the contents of a bankruptcy plan and provides, in relevant part, that:

> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
> (1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . .

1 U.S.C. § 1322(c)(1). In addition, the Bankruptcy Court held in *In re DeSouza*, 135 B.R. 793 (Bankr. D. Md. 1992), that a debtor is divested of the right of redemption after a foreclosure sale, even if the ratification of the foreclosure sale has not yet occurred, because the debtor only retains the right to the object to the ratification proceeding once the foreclosure sale has been held. *Id.* at 795-96. In *In re Denny*, 242 B.R. 593 (Bankr. D. Md. 1999), which was decided after the enactment of Section 1322(c)(1), the Bankruptcy Court held "that Section 1322(c)(1) . . . affords the debtor an opportunity cure a default on her principal residence by filing a petition under Chapter 13 of the Bankruptcy Code before the foreclosure auction takes place," but "[a] petition filed subsequent to the falling of the auctioneer's gavel simply comes too late." *In re Denny*, 242 B.R. at 599; *see also In re May*, 546 B.R. 639, 640-42 (Bankr. D. Md. 2016).

In addition, this Court has held that a debtor's right of redemption does not continue after the gavel falls at a foreclosure sale and Section 1322(c)(1) does not create such a right of redemption. *Schweiger v. MidFirst Bank*, No. 17-3255, 2018 WL 1471680, at *3 (D. Md. Mar. 26, 2018). And so, courts have long approved granting relief from the automatic stay on behalf of a mortgage holder on a property owned by the debtor. *Id.* at *3-4.

IV.   ANALYSIS

In this bankruptcy appeal, Mr. Fair argues that the Bankruptcy Court erred in determining that the automatic stay should be lifted with regards to Wilmington Savings, because: (1) this Court's decision in *Ocwen Loan Servicing, LLC v. Kameni* stands for the proposition that he has a right of redemption in the Property up to the date of ratification following the foreclosure sale and (2) the enactment of Section 1332(c)(1) changed the law with regards to the post-foreclosure application of the automatic stay. *See generally* ECF No. 5. And so, Mr. Fair requests that the Court vacate the Bankruptcy Court's order granting Wilmington Savings' motion for relief from stay. *Id.* at 8.

Wilmington Savings counters that the Court should not vacate the Bankruptcy Court's order, because *Kameni* is factually distinguishable from this case and this Court has previously and correctly held that a bankruptcy debtor does not have the right to redeem a property that was sold at a foreclosure sale prior to the filing a Chapter 13 petition. ECF No. 8 at 10-16.[2] And so, Wilmington Savings requests that the Court affirm the Bankruptcy Court's order and dismiss this appeal. *Id.* at 24.

For the reasons that follow, the record evidence and applicable law makes clear that the Bankruptcy Court did not err by granting Wilmington Savings' motion for relief from the automatic stay, because Mr. Fair has no right of redemption in the Property after the November 4, 2024, foreclosure sale under Maryland law. And so, the Court: (1) **AFFIRMS** the Bankruptcy Court's order granting Wilmington Savings' motion for relief from automatic stay (ECF No. 3-6) and (2) **DISMISSES** this appeal.

A. Mr. Fair Has No Right Of Redemption

As an initial matter, the undisputed facts in this case show that Mr. Fair has no right of redemption in the Property under Maryland law. As several courts have recognized, it is well-established under Maryland law that a bankruptcy debtor's right of redemption in a property terminates once the gavel has fallen at the foreclosure auction. *In re Denny*, 242 B.R. 593, 599 (Bankr. D. Md. 1999); *Schweiger v. MidFirst Bank*, No. 17-3255, 2018 WL 1471680, at *3 (D. Md. Mar. 26, 2018). Given this, Maryland courts have consistently held that a bankruptcy

---

[2] Wilmington Savings also argues that Mr. Fair is not entitled to a stay pending this appeal. ECF No. 8 at 17-24. Mr. Fair is not, however, appealing the Bankruptcy Court's denial of his motion for stay pending appeal. ECF No. 2-1. And so, the Court does not address this issue.

5

debtor has no right of redemption in a property once the foreclosure sale concludes, even if the process of ratification of the foreclosure sale has not yet been completed. *Schweiger*, 2018 WL 1471680, *3; *see also Merryman v. Beemer*, 241 A.2d 558, 563 (Md. 1968) (while ratification of the foreclosure occurs after the foreclosure sale, title is retroactive to the tie of the sale).

The Court also finds no right of redemption past the point of a foreclosure sale under Section 1322(c)(1). *Schweiger*, 2018 WL 1471680, *3. Section 1322(c)(1) provides that "a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) *until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law*." 11 U.S.C. § 1322(c)(1) (emphasis added). The Court reads this provision to allow a mortgage debtor to cure a default on a mortgage up to the date of a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law. *Id*.; *see also Schweiger*, 2018 WL 1471680, *3.

In this case, there is no dispute that the foreclosure sale for the Property was held on November 4, 2024. ECF No. 5 at 2; ECF No. 8 at 8. Mr. Fair does not argue that the foreclosure sale was not conducted in accordance with applicable nonbankruptcy law. *See generally* ECF No. 5. And so, the plain language of Section 1322(c)(1) makes clear that Mr. Fair does not have a right of redemption in the Property after the foreclosure sale.

Mr. Fair's reliance upon this Court's decision in *Ocwen Loan Servicing, LLC v. Kameni* to support this appeal is also misplaced. The Court does not read that case to change the long-standing case law in Maryland that there is no right of redemption in a property post-foreclosure. Wilmington Savings also correctly observes that this bankruptcy matter is factually distinguishable from the facts in *Kameni*, because Mr. Fair filed his Chapter 13 bankruptcy petition after the conclusion of the foreclosure sale for the Property. *Id.* at 2; ECF No. 8 at 8.

Given this, the legal and equitable title in the Property transferred to the third-party purchaser at the time of the foreclosure sale and Mr. Fair was divested of his right to redeem the Property at the conclusion of the foreclosure sale. *In re DeSouza*, 135 B.R. 793, 795 (Bankr. D. Md. 1992).[3] And so, the Bankruptcy Court correctly concluded that Wilmington Savings

---

[3] Mr. Fair's reliance upon *Matter of Ross*, 191 B.R. 615 (Bankr. D.N.J. 1996), *abrogated by In re Connors*, 497 F.3d 314 (3d Cir. 2007), to show that Section 1332(c)(1) indicates that a foreclosure sale is not complete until ratification for purposes of a debtor curing default through a Chapter 13 petition, is also misplaced. As discussed above, Maryland law follows the "gavel rule" and provides

6

was entitled to relief from the automatic stay, so that it could move forward with the ratification process for the foreclosure sale. For these reasons, the Court AFFIRMS the Bankruptcy Court's order granting Wilmington Savings' motion for relief from the automatic stay.

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **AFFIRMS** the Bankruptcy Court's order granting Wilmington Savings' motion for relief from stay (ECF No. 3-6); and

(2) **DISMISSES** this appeal.

A separate Order shall issue.

**IT IS SO ORDERED.**

                                                                 s/ Lydia Kay Griggsby
                                                                 LYDIA KAY GRIGGSBY
                                                                 United States District Judge

---

that the sale of the mortgaged premises under the power of sale in the mortgage deed divests all rights of redemption which had remained in the mortgagor until the sale. *Schweiger v. MidFirst Bank*, No. 17-3255, 2018 WL 1471680, at *3 (D. Md. Mar. 26, 2018) (quoting *Union Trust Co. v. Biggs*, 137 A. 509, 512 (Md. 1927)); *In re Ross*, 191 B.R. 615, 616 (Bankr. D.N.J. 1996) (explaining that a debtor has ten days to redeem a property following the sheriff's sale or to object to the sale before the issuance of the sheriff's deed), *abrogated by In re Connors*, 497 F.3d 314 (3d Cir. 2007). The reference to *Matter of Roach*, 824 F.2d 1370 (3d Cir.1987), in the legislative history for Section 1332 also does not support Mr. Fair's position in this case, because that case also relates to New Jersey law. *See Matter of Roach*, 824 F.2d 1370, 1371 (3d Cir. 1987); H.R. Rep. 103-835, 103rd Cong., 2nd Sess. 52 (Oct. 4, 1994); 140 Cong. Rec. 10752-01, 10769 (Oct. 4, 1994) U.S. Code Cong. & Admin. News 1994 pp. 3340, 3361); ECF No. 5 at 5.